IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| BRIAN BACCHUS, | * |
| Plaintiff, | * |
| v. | * Case No.: RWT 10cv1684 |
| SOUTHEASTERN MECHANICAL SERVICES, INC. | * |
| Defendant. | * |

**MEMORANDUM OPINION**

On December 27, 2010, Plaintiff Brian Bacchus filed a Motion for Appointment of Counsel. ECF No. 31. In support of his motion, Plaintiff asserted that (1) the legal issues involved in this case are complex and (2) his search for an attorney has been unsuccessful. *Id.* Defendant Southeastern Mechanical Services, Inc. opposed Plaintiff's motion for appointment of counsel. ECF No. 32.

This Court has discretion to appoint counsel in cases where an indigent plaintiff presents exceptional circumstances. 28 U.S.C. § 1915(e) (1); *see also Cook v. Bounds*, 518 F.2d 779,780 (4th Cir. 1984). Whether such circumstances exist depends on (1) the type and complexity of the case, and (2) the abilities of the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989); *Gordon v. Leake*, 574 F.2d 1147, 1153 (4th Cir. 1978). At this stage of the proceedings, the issues do not appear unduly complex. Plaintiff has demonstrated his ability to adequately present his claims, and there is no demonstration of exceptional

circumstances. Therefore, appointment of counsel for Plaintiff is not warranted under 28 U.S.C. § 1915(e) (1) at this time.

When an individual requests appointment of counsel in a Title VII employment discrimination case, the Court must also consider whether such appointment is warranted under 42 U.S.C. § 2000e-5(f)(1). Pursuant to this provision, "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). The decision whether to appoint counsel is within the discretion of the trial judge. *Poindexter v. Federal Bureau of Investigation,* 737 F.2d 1173, 1179 (D.C. Cir. 1984). Though the Fourth Circuit has not addressed the issue, several circuit courts have indicated that a court should consider the following factors in assessing whether counsel should be appointed to represent a Title VII plaintiff: (1) the ability of plaintiff to afford an attorney; (2) the merits of the plaintiff's case; (3) the efforts of the plaintiff to secure counsel; and (4) the capacity of the plaintiff to present the case adequately without aid of counsel. *Id.* at 1185.

Though Plaintiff is proceeding *in forma pauperis*, it appears he has recently been employed and therefore his ability to afford an attorney may have changed. Def.'s Opp'n, Ex. B. Further, both the Equal Employment Opportunity Commission and an attorney Plaintiff at one time retained in this case have expressed doubts as to Plaintiff's likelihood of succeeding on the merits. *See id.* at 8-9. Though Plaintiff alleges that he has had "zero results" obtaining an attorney, the evidence is to the contrary; Plaintiff at one time had retained counsel, but the retained attorney returned the balance of Plaintiff's retainer after investigating Plaintiff's claims. *Id.* Ex. J. Further, Plaintiff's complaint reflects his ability to adequately articulate his

claims and litigate this case on his own behalf. Therefore, Plaintiff's Motion for Appointment of Counsel [ECF No. 18] shall be denied by separate order.


February 8, 2011                                  /s/
Date                                      Roger W. Titus
                                          United States District Judge